UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JAIME M. REYES JARAMILLO

Debtor(s)

CASE NO. 08-00530 ESL
Chapter 13

## OPINION AND ORDER

This case is before the court upon debtor's objection to the portion of the proof of claim filed by RG Mortgage Corp. ("RG") that seeks the allowance of $740 dollars, comprised of $90 dollars for "inspections" and $650 in legal expenses. Debtor's objection and RG's reply address the legal expenses as being attorney's fees. Therefore, the court will refer to the claim for legal expenses as attorney's fees. Debtor focused his objection on the attorney's fees but opposes the entire amount. RG filed a response in opposition to Debtor on April 16, 2008. Debtor filed a sur-reply in support of its objection on July 31, 2008. The court scheduled and held a pretrial conference on August 8, 2008. Debtor appeared through counsel and RG did not appear.[1]

## BACKGROUND

The relevant facts are undisputed. Debtor filed a Chapter 13 petition on January 31, 2008. RG is a secured creditor and the debtor is current in his monthly mortgage payments. RG is an over-secured creditor and is entitled to attorneys' fees pursuant to 11 U.S.C. § 506(b) and the terms of the mortgage agreement. However, the Debtor objects to the attorney's fees claim on the grounds that the activity in this case is limited to filing an appearance and its proof of claim in February 2008.

---

[1] Upon questioning by the court Debtor's counsel admitted that the parties did not meet prior to the pretrial hearing and did not prepare a pretrial report. The court admonishes both counsel for their failure to meet and submit a pretrial report.

-2-

According to Debtor, these are "ministerial acts" for which legal fees should not be charged.

RG supports the reasonableness of its fee claim by stating that it is a fixed-fee arrangement for the entire case. RG speculates about different scenarios requiring it to defend its interests. Also, it claims that bankruptcy attorney fees in this district approximate $200 per hour, without referencing the local source or authority on the issue. RG claims the fee claim is reasonable because events could go wrong in the case. RG did not submit a detailed disclosure or breakdown of actual services received, and does not claim to having taken any action other than the filing of the proof of claim and the notice of appearance. In summary, RG justifies the fee claim because getting involved in a bankruptcy case requires "keeping in touch" with the case and exercising "due diligence".

In its sur-reply, Debtor defines three basis in opposition to RG's fee claim, to wit, (1) lack of a detailed description of services rendered; (2) failure to comply with Bankruptcy Rule 20616 (sic) [2016] fee application requirement; and (3) that RG's appearance and proof of claim are simple ministerial acts [probably meaning "administrative" acts].

DISCUSSION

A secured creditor is entitled to claim reasonable attorney's fees as part of its secured claim. *In re Atwood*, 293 B.R. 227, (9th Cir. B.A.P. 2003). Section 506(b) provides the statutory basis for a secured creditor to claim fees and costs. Section 506(b) provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement, or State statute under which such claim arose.

11 U.S.C. § 506(b). The statute provides four requirements for the allowance of post-petition fees to a secured creditor: (1) the claim must be an allowed secured claim; (2) the creditor must be over-secured, that is, the value of the collateral must exceed the lien or security; (3) the entitlement of fees

- 3 -

must be provided under the security agreement or state statute; and (4) the fees must be reasonable.

The first three requirements are undisputably met. The only issue is the reasonableness of the claimed fees. The reasonableness of post-petition fee claims is tested under federal law. *In re Pan American General Hospital, LLC*, 385 B.R. 855, 876 (Bkrtcy.W.D.Tex. 2008) (overruling objections to fee claim by over-secured creditor, holding that the purpose of the requirement of a detailed application is to facilitate the court's determination of reasonableness). The purpose of the section 506(b) reasonableness requirement is to prevent over-secured creditors from drawing a "blank check" to cover their own expenses incurred at the peril and expense of the estate and other creditors. *Id.* at 869.

The burden of proof to establish " the reasonableness of an oversecured creditors'claim is upon the creditor." *In re Wanacheck*, 349 B.R. 836, 843 (Bankr. E.D. Wash. 2006); *In re Atwood*, 293 B.R. 227 at 233 (9th Cir. B.A.P. 2003). The record before the court shows that RG's only actions were to file the appearance and the proof of claim.[2] RG's claim for attorney's fees lacks specificity, as it does not detail the work performed, time spent, and the hourly fee. Also, there is no detail regarding the basis for the $90 for "inspections" being requested.

Generally, filing a proof of claim and making an appearance are "simple administrative matters" that could be performed by the creditor's or the attorney's clerical staff, and are not complex or novel matters that must be handled by attorneys. *See In re Wanecheck*, 349 B.R. 836, 844-45 (Bkrtcy.E.D.Wash. 2006) (sustaining objection to fee claim for lack of specificity and detail, lumping tasks into single entries, and over-staffing of matters and depicting the filing of appearances

---

[2] The supporting documents attached to RG's proof of claim show that the legal division for RG submitted to the attorney filing the proof of claim the statement of account, and assumedly, the underlying documents to show a perfected security interest. The attached memo has only checked off the item "file proof of claim and remit sealed copy" as the directions to the attorney.

- 4 -

and proofs of claims as "noncompensable services" when billed by attorneys); *In re Gardenshire* 209 F.3d 1145 (9th Cir. 2000); *In re Edelman*, 237 B.R. 146, 154 fn. 8 (9th Cir. BAP 1999). The filing of a proof of claim is a critical and fundamental step for a creditor to collect on its indebtedness in a bankruptcy case. *In re Dwiggins*, 359 B.R. 717, (Bankr. W.D. Ark. 2007). There may be circumstances which make the filing of a proof of claim a complex matter, considering the interaction and formal requirements set forth in sections 501, 502, 506 and Bankruptcy Rule 3002. However, when the complexity of the claim generates and warrants legal advice and services, the fees corresponding to the same must be detailed in the proof of claim.

In this contested matter the court is confronted with a fixed-fee agreement[3]. An agreement by and between a secured creditor and an attorney to perform legal services in a bankruptcy case is not by itself determinative of the reasonableness of the fees. The fees that the court may eventually allow as reasonable does not always equate to what is actually charged. *In re Pan American General Hospital, LLC*, 385 B.R. 855 at 842. Likewise, the creditor is not entitled to compensation for every action it takes. *Id*.

Since 1988[4] this court has generally followed and applied the lodestar approach when awarding reasonable fees to professionals, *In re Fruits International, Inc.*, 87 B.R. 769 (Bankr. D.P.R. 1988); *In re C.P. Del Caribe, Inc.*, 143 B.R. 11 (Bankr. D.P.R. 1992), following the First

---

[3] The court notes that the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act amended section 328(a), 11 U.S.C. § 328(a), to authorize the employment of a professional person on a fixed or percentage fee basis. Fixed fee agreements are allowed. However, the provisions in section 328(a) apply to trustees, creditors' committees, and debtors in possession; and must be read in conjunction with sections 327, 329, 330 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure. The interaction of theses sections and rules provide for greater scrutiny of fees. In any event, section 328(a) provides that the court may allow a compensation different from the fixed fee agreement.

[4] See *Matter of J. Gus Lallande, Inc.*, 79 B.R. 140 (D.P.R. 1987), reversing a decision of this court for reducing fees without sufficient findings to support a downward adjustment under the lodestar method.

- 5 -

Circuit precedent, *Boston and Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985); *Boston and Maine Corp. v. Moore*, 776 F.2d 2 (1st Cir. 1985); *Furtado v. Bishop*, 635 F.2d 915 (1st Cir. 1980); *In re Casco Bay Lines, Inc.*, 25 B.R. 747 (B.A.P. 1st Cir. 1982). Under the lodestar method, " the number of reasonable hours worked is multiplied by a reasonable hourly rate". 778 F. 2d at 894. The only actual services rendered as of this date, other than defending the fee application, are relative to the filing of the proof of claim. There is no evidence that legal services were actually performed. RG has not submitted to this court any document detailing the number of hours worked and the hourly rate. Thus, the court has not been placed in a position to decide if the legal fees and expenses claimed are reasonable for this particular case and matter.

## CONCLUSION

In view of the foregoing debtor's objection to the fees and expenses in the proof of claim filed by RG is hereby granted.

SO ORDERED.

San Juan, Puerto Rico, this 15th day of August, 2008.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge